On the 25th of October, 1814, the County Court ordered a capias
upon a former warrant not re turned. This capias was executed and returned to the same court at the same term at which he entered into bond to indemnify the county against a bastard child. The Court gave judgment against Mm for the fine. At the same term, a motion was made for an allowance. It was continued on the defendant's affidavit to February term, 1815; then continued again to April, 1815. Both appeared then, and, on *Page 38 
motion, an order is made for three and a half years' maintenance, including the lying-in expenses; and execution was ordered to issue. The defendant appealed to the Circuit Court; that court reversed the judgment and there was an appeal to this court. The defendant was compelled to enter into bond to indemnify the county, and to pay the fine. This shows that he was adjudged to be the father by those whom the law appoints. And besides, he is ipso facto so by the oath of the woman; the law adjudges him so. As to the orders, the County Court is empowered to make orders; the phraseology is "as the County Court shall order." It is more correct to make him by orders indemnify the county, than not to call on him until damnification, and then to sue him. It prevents circuity; first to apply to the county and that to pay, and then sue on the bond. As to notice, he had it; he was present and opposed the motions. We do not decide whether it be necessary or not. What could the Court do if he were removed beyond their jurisdiction?
Judgment of the County Court affirmed.